IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLAE RUJA : | |
|       *Plaintiff* : | CIVIL ACTION NO. |
| : | |
| v. : | |
| : | |
| LIBERTY LIFE ASSURANCE COMPANY : | |
| OF BOSTON : | |
|       *Defendant* : | |

## CIVIL ACTION COMPLAINT

**I.     PARTIES**

1.     Plaintiff, Nicolae Ruja, is an adult individual and citizen of the State of Pennsylvania, residing therein at 1015 Carousel Drive, Warminster PA 18974.

2.     Defendant, Liberty Life Assurance Company of Boston, is a corporation duly organized and existing under the laws of the State of Massachusetts, with a principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02117.

3.     At all times material herein, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

**II.     JURISDICTION AND VENUE**

4.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 by virtue of the fact that this case arises under the laws of the United States – namely, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq.*

5. The amount in controversy in this action is in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred within the district and because the Defendant is subject to personal jurisdiction in this district.

### III.  STATEMENT OF CLAIMS

7. Plaintiff, Nicolae Ruja, is a former employee of Jarden Corporation.

8. Mr. Ruja was covered by an insurance plan, including long term disability benefits, issued by Defendant to Plaintiff's employer.

9. In 2009, Mr. Ruja began suffering from a severe chronic condition in his left ankle, requiring multiple surgeries and injections, which severely constrained his responsibilities as a gear machine operator.

10. In 2017, Mr. Ruja's injury from the aforesaid condition became so severe that he required surgical intervention.

11. As the result of his symptoms, Plaintiff last worked at Jarden Corporation on or about July 11, 2017.

12. Mr. Ruja received short term disability benefits beginning on July 13, 2017.

13. On or about July 13, 2017, Plaintiff underwent left flatfoot reconstruction, including osteotomy and fusion.

14. On or about May 30, 2018, Plaintiff had further tenotomy surgery on his left foot.

15. Mr. Ruja's long term disability benefits began on January 11, 2018.

16. Plaintiff received disability benefits from July 13, 2017 to January 10, 2020.

17. On April 30, 2020, Dr. Michael A. Troiano, Mr. Ruja's physician, completed an Attending Physician's Statement, and opined that due to Plaintiff's diagnoses of left posterior tibial tendon tear, and post-operative navicular bone repair, Plaintiff cannot perform any type of work.

18. Despite his inability to work, Defendant denied the extension of Plaintiff's long term disability benefits on November 4, 2019 as the result of an alleged lack of medical evidence to support a functional impairment precluding Plaintiff from performing the material duties of any occupation.

19. Plaintiff promptly appealed the Defendant's decision to terminate his long term disability benefits and deny him long term disability benefits.

20. On June 9, 2020, Plaintiff received a letter from Defendant upholding its decision to terminate his long term disability benefits and deny his long term disability benefits.

21. Since January 11, 2020, Defendant has failed and refused to provide Plaintiff with the long term disability benefits to which he is legally entitled despite the fact that Plaintiff remains disabled from working.

**COUNT I**
**VIOLATION OF ERISA**
**NICOLAE RUJA v.**
**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**

22. Plaintiff hereby incorporates by reference all foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

23. Plaintiff's current and anticipated disability has continuously and persistently prevented him from performing the material and substantial duties of his occupation with Jarden Corporation from on or about July 13, 2017 until the present.

24.     Because of the aforesaid disability, Plaintiff has a right to benefits under Defendant's aforementioned short and long term disability policy, and, to date, the Defendant has failed and refused to provide long term disability benefits to Plaintiff from January 11, 2020 through the present.

25.     By denying benefits under the aforementioned policy, the Defendant breached Plaintiff's rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq*.

26.     As a result of the Defendant's aforesaid ERISA violations, Plaintiff is entitled to monetary damages.

WHEREFORE, Plaintiff, Nicolae Ruja, demands judgment against the Defendant, Liberty Life Assurance Company of Boston and requests that this Honorable Court award him compensatory damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus interest and costs.

            Respectfully submitted,

            **SWARTZ CULLETON PC**

By:    /s/ Brandon A. Swartz
        Brandon A. Swartz, Esquire
        Attorney ID No. 78344
        Larissa K. Staszkiw, Esquire
        Attorney ID No. 318362
        547 E. Washington Ave.
        Newtown, PA 18940
        T: (215) 550-6553
        F: (215) 550-6557

        Attorneys for Plaintiff,
        Nicolae Ruja

Date: July 28, 2020

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

*Nicolae Rujá* (signature)